IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MURRELL ANTHONY BIRT,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 5:16-CV-160-MTT-MSH |
| VS. | : | |
| | : | |
| **DEPARTMENT OF CORRECTIONS** | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

### ORDER AND RECOMMENDATION

*Pro se* Plaintiff Murrell Anthony Birt, who is currently incarcerated at the Central State Prison in Macon, Georgia, filed a complaint and amended complaint under 42 U.S.C. § 1983.[1]  Plaintiff also filed motions for leave to proceed without prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a).  The Court granted Plaintiff's motions, but ordered the payment of a partial filing fee.  Plaintiff has since submitted the partial filing fee, and his pleadings are now ripe for preliminary screening.

### PRELIMINARY SCREENING

**I.  Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Complaint.  *See* 28 U.S.C. § 1915A(a).  When conducting

---

[1] The allegations in Plaintiff's amended complaint will be considered in this preliminary screening, as Plaintiff has the right to amend his pleading "once as a matter of course" at this stage of the litigation.  *See* Fed. R. Civ. P. 15(a).

preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.  Factual Allegations

Plaintiff's claims arise from his incarceration at the Central State Prison ("CSP"). Compl. 4, ECF No. 1. According to his Complaint, Plaintiff was under the medical care of Defendants Mayweather, Brown, Carson, and Wilson—nurses who are part of the CSP medical staff. *Id.* at 5. Plaintiff contends Defendants Mayweather, Brown, Carson, and Wilson (the "Nurse Defendants") were "designated and prescribed to administer and monitor the correct dosing and daily administration of [Plaintiff's] psychological mental health medication." *Id.* Plaintiff alleges that he informed each of the Nurse Defendants that the medication he was receiving "was not in compliance with the prescribed doctor's orders." *Id.* Ultimately, on March 15, 2016, he received an overdose of his medication "which caused serious medical complication, that resulted in [Plaintiff] dieing [sic] at Coliseum Medical Center in Macon, Georgia" where he was later resuscitated. *Id.* at 6. In addition to the Nurse Defendants, Plaintiff contends that various prison and Georgia Department of Corrections ("GDOC") administrators and officials were responsible for the overdose because they failed to properly oversee and supervise the Nurse Defendants

and allowed a "breakdown in the system" of medical recordkeeping that caused Plaintiff's overdose. *Id.* at 6-7.

In his Amended Complaint, Plaintiff brings entirely distinct claims against various Defendants also located at CSP, but relating to an attack he suffered at the hands of a fellow inmate. According to his Amended Complaint, CSP prison officials Defendants Berry, Thorpe, Lester, and Thomas repeatedly allowed Plaintiff to be housed with an inmate who physically assaulted him twice. Am. Compl. 1, ECF No. 7. Plaintiff contends the second assault left him with injuries that rendered him unconscious, caused him to have a seizure, and required hospitalization. *Id.* at 1-2.

Plaintiff contends Defendants' actions violated his constitutional rights, and as a result he seeks monetary damages, attorney fees, and litigation costs. Compl. 9. Plaintiff also seeks to bring pendent state law claims "of intentional emotional distress, trespass, and punitive damages." *Id.* at 5.

### III. Plaintiff's Claims

#### A. Failure to Provide Adequate Medical Treatment

Plaintiff first contends that the Nurse Defendants failed to provide him with constitutionally adequate medical care. A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a constitutional claim under the Eighth Amendment. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need,"

4

and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam). A "serious medical need" in this context is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).

Construing his *pro se* allegations liberally, as the Court must at this juncture, the Plaintiff has alleged the Nurse Defendants knew that Plaintiff was receiving an improper amount of medication yet continued to prescribe him that dosage until Plaintiff eventually overdosed and suffered what appear to be serious medical injuries. Compl. 6. At this early stage of the litigation, the undersigned concludes these claims against the Nurse Defendants must proceed for further factual development. *See, e.g., Freeman v. Byrne*, No. 9:09-1102-DCN-BM, 2010 WL 1494978, at *4-5 (D.S.C. Mar. 16, 2010) (allowing deliberate indifference claims to proceed against defendant medical professionals who were alleged to have overmedicated prisoner).

Plaintiff also alleges that various prison and GDOC officials should be held liable for the alleged overdose. More specifically, Plaintiff contends that Defendants Berry and Thomas, the warden and deputy warden of care and treatment at CSP, should be held "personally responsible for their failure to supervise other medical personnel[.]" Compl. 6-7. Plaintiff also alleges that Defendant Bryson, the commissioner of the GDOC, has a responsibility to "oversee" medical care in the prison system and ensure that competent

5

care is provided and that "proper training is funded." *Id*. at 7.  Finally, Plaintiff alleges that "Ms. King," a CSP unit manager, and CSP deputy warden Spike also "mismanaged" Plaintiff's medical needs by "allow[ing] their abuse in authority" and thus denied him proper medical care. *Id.* at 7-8.

It appears Plaintiff's claims against Defendants Berry, Thomas, Bryson, King, and Spike all arise from their roles as supervisors within CSP or the GDOC.  Supervisory prison officials can only be held liable for the conduct of their subordinates under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation.  *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam).  A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.*  "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted). Plaintiff's Complaint does not allege that any of these supervisory Defendants personally participated in the decisions that may have led to Plaintiff's overdose or knew of an excessive risk to Plaintiff's health or safety and chose to disregard that risk.  Nor does Plaintiff allege that any of these Defendants had any customs or policies that led to deliberate indifference to Plaintiff's constitutional rights, directed any of their

subordinates to act unlawfully, or knew they were doing so and failed to stop them. Plaintiff has thus failed to state a constitutional claim on these bases. *See Hendrix*, 535 F. App'x at 805.

To the extent that Plaintiff alleges these Defendants should be responsible for their failure to train their subordinates, Plaintiff's claims also fail. A supervisor may be held liable for inadequate training or supervision of staff. *See Adams v. Poag*, 61 F.3d 1537, 1544 (11th Cir. 1995). To determine a supervisor's liability under such circumstances, the Court applies a three-pronged test:

> (1) whether the supervisor's failure to adequately train and supervise subordinates constituted deliberate indifference to an inmate's medical needs; (2) whether a reasonable person in the supervisor's position would understand that the failure to train and supervise constituted deliberate indifference; and (3) whether the supervisor's conduct was causally related to the subordinate's constitutional violation.

*Id.*; *see also Thomas v. Poveda*, 518 F. App'x 614, 618 (11th Cir. 2013) (per curiam) ("A supervisory official is not liable under §1983 for failure to train unless that failure to train amounts to a deliberate indifference."). Plaintiff has made no factual allegations to support his conclusory statements that any supervisory defendants were deliberately indifferent to his serious medical needs by failing to properly train their subordinates. *See Thomas*, 518 F. App'x at 618 (affirming dismissal of supervisory failure-to-train claims where prisoner failed to allege a basis for his conclusion that failure to train amounted to deliberate indifference, "such as a history of abuse that put the supervisor on notice" or "factual allegations to support his 'naked assertion' that there was a custom and policy to destroy medical records and deny therapy").

7

Based on the foregoing the undersigned concludes that Plaintiff has failed to state a constitutional claim against Defendants Berry, Thomas, Bryson, King, and Spike. Accordingly, the undersigned **RECOMMENDS** that the medical treatment claims against these Defendants be **DISMISSED without prejudice.**

    B.    <u>Claims against the State of Georgia and GDOC</u>

Plaintiff also lists the State of Georgia and the GDOC as Defendants in this lawsuit, although he does not clearly specify a basis for holding these entities liable in his factual allegations. Such claims are subject to dismissal. "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." *Coleman v. Ct. App. of Md.*, 132 S. Ct. 1327, 1333 (2010). "As an exception to this principle, Congress may abrogate the States' immunity from suit pursuant to its powers under § 5 of the Fourteenth Amendment." *Id.* Section 1983 is not a "Congressional abrogation of the state's immunity from damages suits," *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1512 (11th Cir. 1986), and Georgia has not otherwise waived its right to assert an Eleventh Amendment immunity defense against § 1983 claims, *see, e.g., Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301-02 (11th Cir. 2007). The State itself is therefore entitled to Eleventh Amendment immunity. And, as a state entity, the GDOC is likewise entitled to Eleventh Amendment immunity. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections[.]"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (states and governmental entities that are considered "arms of the

state" are not considered "persons" capable of being sued under § 1983). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's § 1983 claims against the GDOC and the State of Georgia must be **DISMISSED.**

### C. State Law Claims Related to Medical Treatment

Plaintiff also seeks to raise state law claims against unspecified Defendants for intentional infliction of emotional distress, trespass, and punitive damages. Compl. 5. Plaintiff also mentions "medical malpractice" and "negligence" in his Complaint. *See id.* Plaintiff's general reference to these claims, without more, is insufficient to state a claim. In his Complaint, Plaintiff simply lumps these claims together with his federal claims and does not sufficiently address the elements of proof for each under state law or independently specify why each Defendant should be liable for these claims. Furthermore, to the extent that such claims are brought under the Georgia Tort Claims Act ("GTCA"), Defendants may be entitled to immunity, and Plaintiff has also failed to allege compliance with the terms of the GTCA or other law that could affect the viability of his state law claims. *See* O.C.G.A. §§ 50–21–25(a), (b) (GTCA exclusive remedy and pleading provisions); O.C.G.A. § 50-21-26 (GTCA notice requirements); *see also* O.C.G.A. § 9-11-9.1 (requiring plaintiff in a malpractice action to file with the complaint an expert affidavit). The undersigned therefore **RECOMMENDS** that Plaintiff's state law claims be **DISMISSED without prejudice** at this time; however, Plaintiff may seek to amend his Complaint to provide additional detail regarding these state law claims if he wishes to pursue them. *See generally* Fed. R. Civ. P. 15.

### D. Failure-to-Protect Claims

9

In his Amended Complaint, Plaintiff alleges that Defendants Berry and Thomas, along with CSP prison officials Thorpe and Lester, failed to protect Plaintiff from being attacked by a fellow inmate in May and June 2016.  Am. Compl. 1.  Such claims may be cognizable under the Eighth Amendment to the United States Constitution.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  However, a § 1983 plaintiff may set forth only related claims in one civil rights complaint.  He may not join unrelated claims and defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A)-(B).  "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

Here, Plaintiff's allegations fail to demonstrate a "logical relationship" between his claims arising from the Nurse Defendants' failure to provide him with adequate medical treatment and the alleged failure of other Defendants to protect him from an entirely unrelated inmate assault.  For this reason, and because it does not appear that the statute of limitations would bar Plaintiff's refiling, the undersigned **RECOMMENDS** that Plaintiff's failure-to-protect claims against Defendants Berry, Thorpe, Lester, and Thomas be **DISMISSED without prejudice.**  *See* Fed. R. Civ. P. 21; *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844–45 (3d Cir. 2006) (noting that district judges generally "have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice"); *see also Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (observing that

"unrelated claims against different defendants belong in separate lawsuits" and noting same may be accomplished "either by severing the action into separate lawsuits or by dismissing improperly joined defendants").

## IV. Conclusion

In sum, the undersigned finds that the Plaintiff's medical treatment claims against Defendants Brown, Carson, Wilson, and Mayweather must proceed for further factual development. The undersigned **RECOMMENDS**, however, that the medical treatment claims against the supervisory Defendants—Defendants Berry, Thomas, King, Spike, and Bryson—be **DISMISSED without prejudice** for failing to state a claim upon which relief may be granted. It is also **RECOMMENDED** that Plaintiff's state law claims and his claims against the State of Georgia and the GDOC be **DISMISSED**. Finally, the undersigned **RECOMMENDS** that Plaintiff's failure-to-protect claims against Defendants Berry, Thorpe, Lester, and Thomas be **SEVERED** from this action and **DISMISSED without prejudice**.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on

factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff's allegations against the Defendants identified above require further factual development, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition**

**may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall

remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

    SO ORDERED and RECOMMENDED, this 25th day of August, 2016.

                                             /s/ Stephen Hyles
                                             UNITED STATES MAGISTRATE JUDGE