IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MURRELL ANTHONY BIRT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 5:16-CV-160-MTT-MSH |
| VS. | : | |
| | : | |
| DEPARTMENT OF CORRECTIONS | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court are Defendants' motions to dismiss (ECF No. 16, 28). For the reasons explained below, it is recommended that Defendant Wilson's motion to dismiss—which was joined by Defendant Carson—be granted. Defendant Carson's motion to dismiss should be terminated as moot.

## BACKGROUND

Plaintiff's claims arise from his incarceration at the Central State Prison ("CSP"). Compl. 4, ECF No. 1. According to his Complaint, Plaintiff was under the medical care of Defendants Mayweather, Brown, Carson, and Wilson—nurses who are part of the CSP medical staff. *Id.* at 5. Plaintiff contends Defendants Mayweather, Brown, Carson, and Wilson (the "Nurse Defendants") were "designated and prescribed to administer and monitor the correct dosing and daily administration of [Plaintiff's] psychological mental health medication." *Id.* Plaintiff alleges that he informed each of the Nurse Defendants that the medication he was receiving "was not in compliance with the prescribed doctor's

orders." *Id.* Ultimately, on March 15, 2016, he received an overdose of his medication "which caused serious medical complication, that resulted in [Plaintiff] dieing [sic] at Coliseum Medical Center in Macon, Georgia" where he was later resuscitated. *Id.* at 6. In addition to the Nurse Defendants, Plaintiff contends that various prison and Georgia Department of Corrections ("GDOC") administrators and officials were responsible for the overdose because they failed to properly oversee and supervise the Nurse Defendants and allowed a "breakdown in the system" of medical recordkeeping that caused Plaintiff's overdose. *Id.* at 6-7.

In his Amended Complaint, Plaintiff brings entirely distinct claims against various Defendants also located at CSP, but relating to an attack he suffered at the hands of a fellow inmate. According to his Amended Complaint, CSP prison officials Defendants Berry, Thorpe, Lester, and Thomas repeatedly allowed Plaintiff to be housed with an inmate who physically assaulted him twice. Am. Compl. 1, ECF No. 7. Plaintiff contends the second assault left him with injuries that rendered him unconscious, caused him to have a seizure, and required hospitalization. *Id.* at 1-2.

After a preliminary review of his complaint and amended complaint, only Plaintiff's claims for deliberate indifference against Defendants Brown, Carson, Wilson, and Mayweather were allowed to proceed. Order 1-2, Oct. 21, 2016, ECF No. 14. Defendant Carson moved for judgment on the pleadings, to dismiss for failure to state a claim, and to dismiss for failure to exhaust on October 28, 2016. (ECF No. 16.) Plaintiff

failed to respond to Defendant Carson's motion. Defendant Willis[1] moved to dismiss on November 10, 2016 for failure to prosecute and failure to exhaust (ECF No. 28). Defendant Carson joined Defendant Willis's motion to dismiss on November 15, 2016 (ECF No. 29). Plaintiff failed to respond to Defendant Willis's motion to dismiss. It is unclear from the docket if Defendants Mayweather and Brown were properly served, but neither Defendant has answered or otherwise responded to Plaintiff's complaint.

## DISCUSSION

Defendants move to dismiss claiming that Plaintiff failed to prosecute and failed to exhaust his administrative remedies. (ECF No. 28.) Plaintiff failed to respond to Defendants' motions to dismiss and has not provided the Court with a current address. Because the Court finds that dismissal is appropriate as to all Defendants for Plaintiff's failure to prosecute, the Court declines to address at this time whether Plaintiff exhausted his administrative remedies.

On October 28, 2016, this Court issued an Order notifying Plaintiff that Defendant Carson filed a motion to dismiss the Complaint. Plaintiff was therein directed to respond to the motion within thirty days. Order 1-3, ECF No. 21. Plaintiff failed to respond to that motion to dismiss. Instead, the order for a response was returned to the Court with a stamp indicating that Plaintiff is no longer at Central State Prison. (ECF No. 27.)

Defendant Willis then filed her motion to dismiss, which Defendant Carson joins, seeking dismissal for Plaintiff's failure to prosecute his claims and for failure to comply with the court's orders requiring Plaintiff to advise the Court of any change in his

---

[1] Nurse Willis was incorrectly identified by Plaintiff as "Nurse Wilson."

address.  Def. Willis' Br. in Supp. Mot. to Dismiss 3-4, ECF No. 28-1; *see also* Fed. R. Civ. P. 41(b).  Plaintiff was again directed to respond and told that his claims could be dismissed if he failed to respond to Defendant Willis's motion to dismiss.  *See* Order 2-3, Nov. 15, 2016, ECF No. 30.  Plaintiff failed to respond and the order for response was returned as undeliverable.  (ECF No. 32.)

As of today, Plaintiff has failed to respond to multiple motions to dismiss and orders for response.  Plaintiff has also failed to provide the Court or Defendants with a current address as previously ordered.[2]  Without Plaintiff's address, the Court is unable to provide instructions or orders to Plaintiff.  Similarly, Defendants are unable to conduct discovery or continue with the action.[3]  Plaintiff has thus failed to comply with the Court's orders and has failed to prosecute his case.  Consequently, the Court recommends dismissal of Plaintiff's Complaint with prejudice pursuant to Federal Rules of Civil Procedure Rule 41(b).  It is recommended that Defendant Willis's motion (ECF No. 28) be granted and Plaintiff's Complaint be dismissed as to all Defendants.

## CONCLUSION

For the reasons explained above, it is recommended that Defendant Willis's motion to dismiss (ECF No. 28) be granted.  Defendant Carson's motion to dismiss (ECF

---

[2] Plaintiff was told to "immediately inform the Court in writing of any change in his mailing address[,]" and that "[f]ailure to comply with this Order may result in the dismissal of Plaintiff's Complaint."  Order 2, May 25, 2016, ECF No. 6.  Plaintiff was later similarly directed to "keep the Clerk of this Court and all opposing attorneys and/or parties advised of [his] current address."  Order for Service 12, Aug. 24, 2016, ECF No. 8.  In the Order for Service, Plaintiff was warned that a "[f]ailure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings."  *Id.*

[3] Defendant Willis notes in her motion to dismiss that Plaintiff was released from custody on September 1, 2016.  Def. Willis' Br. in Supp. Mot. to Dismiss 2; Thorpe Aff. ¶¶ 20-21, ECF No. 28-2.

4

No. 16) should be terminated as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 18th day of May, 2017.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE